ELLIS, Judge:
This case was argued before a panel of this Court on September 26, 1972. During oral argument, the Court was advised that the plaintiff-appellant, Monika Hollenback, had died since the rendition of the judgment in the trial court. At that time, the court advised counsel for plaintiff that it would take no action in the case until proper parties plaintiff were substituted.
On December 11, 1973, no substitution of parties having been made, we issued an order to all parties to show cause why the case should not be dismissed as abandoned, pursuant to the provisions of Article 561 and 2165 of the Code of Civil Procedure, and Rule VII (5) (a) of the Uniform Rules of the Courts of Appeal.
Article 561 of the Code of Civil Procedure reads as follows:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
Article 2165 of the Code of Civil Procedure reads as follows:
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year.”
*521 Section 5(a) of Rule VII of the Uniform Rules of the Courts of Appeal reads, in part, as follows:
“The Court may, ex proprio motu:
“(a) Consider as abandoned and dismiss any appeal now or hereafter pending in which one year has elapsed without any steps having been taken in the prosecution thereof ...”
Section 5(a) further provides that, be■fore the appeal can be dismissed, the “litigants and attorneys interested in such case shall be given a thirty-day written notice that the action of dismissal will be effected unless good and sufficient cause to the contrary is shown on or before a time fixed by the court.” Our rule issued to counsel on December 11, 1973.
Plaintiff’s counsel caused himself to be appointed provisional administrator of plaintiff’s succession on January 2, 1974, and filed a motion in this court to have himself substituted as party plaintiff. It is alleged in the motion that plaintiff’s sole heirs are her parents, who reside in Germany, and are, for that reason, unable to be substituted.
In answer to the motion to dismiss, he alleges that the filing of the above motion to substitute himself as party plaintiff renders moot the motion to dismiss. We disagree.
Rule XIII of the Uniform Rules of the Courts of Appeal governs the substitution of parties in the event of death of an appellant or appellee. Under Section 1 thereof, the legal representative of the decedent may appear voluntarily and be made a party. What was done by counsel on January 4, 1974, could have been done at any time since the record was lodged in this Court. Counsel was requested by this Court to make the proper substitution of parties at the time of oral argument, and again by letter of November 17, 1972. Our record also contains a copy of a letter from opposing counsel dated March 19, 1973, requesting'that this action be taken. Counsel advances no reason for his failure to make the substitution other than the fact that decedent’s parents and heirs reside in Germany. We do not consider this to be a sufficient reason to excuse counsel’s failure, in view of the length of time permitted by law to take the necessary action.
We therefore consider this appeal as abandoned, and it is dismissed.
Appeal dismissed.